UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                    DECISION AND ORDER
v.                                              01-CR-129A

AARON B. PIKE
GREGORY R. PATTISON
MATTHEW J. HARRISON
RICHARD C. ALICEA, SR.,

                         Defendants.

Defendant Aaron Pike has filed a motion to dismiss Counts One and Two of the Redacted Second Superseding Indictment ("Redacted Indictment"). Count One of the Redacted Indictment charges Pike and his co-defendants with conspiring to possess with the intent to distribute marijuana and methamphetamine in violation of 21 U.S.C. § 841 and § 846. Count Two of the Redacted Indictment[1] charges Pike with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848.

---

[1] Count Two of the Redacted Indictment was Count Three of the Second Superseding Indictment.

1

With respect to Count One, Pike argues that the charge must be dismissed as duplicitous because it charges a conspiracy to distribute marijuana, and a conspiracy to distribute methamphetamine. It is well established that a conspiracy may have several objects, without being duplicitous. As the Second Circuit has explained:

> An indictment is duplicitous if it joins two or more distinct crimes in a single count . . . . A conspiracy indictment presents unique issues in the duplicity analysis because a single agreement may encompass multiple illegal objects. In this Circuit, it is well established that the allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime and that is one, however diverse its objects. . . . Whether the government has proved a single conspiracy or has instead proved multiple other independent conspiracies is a question of fact for a properly instructed jury.

United States v. Aracri, 968 F.2d 1512, 1518-19 (2d Cir. 1992) (quotation marks and citations omitted). In this case, the indictment charges a single agreement to distribute more than one drug. Such a charge is entirely proper. It will be for the jury to determine whether the government has proved a single conspiracy as charge in Count One of the Redacted Indictment.

Pike also argues that Counts One and Two must be dismissed because they are legally insufficient to provide the defendant with notice of the crimes alleged. An indictment is sufficient if it tracks the language of the statute and, if necessary, states the time and place of the alleged conduct. See United States v. Flaharty, 295 F.3d 182, 198 (2d Cir.), cert denied, 537 U.S. 936 (2002). An indictment under 21 U.S.C. § 846 is sufficient if it alleges a conspiracy to

distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated. See United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976). In this case, the conspiracy alleged in Count One tracks the language of the statute, cites the relevant statutory provisions, identifies the nature and purpose of the alleged illegal agreement, sets forth the alleged location and time frame of the conspiracy and identifies some of its purported members. Such allegations are sufficient even if the indictment fails to allege any specific overt act in furtherance of the conspiracy. Id. This is because the government need not prove an overt act in order to establish a drug conspiracy. See United States v. Shabani, 513 U.S. 10 (1994).

      Similarly, the allegations set forth in Count Two are legally sufficient to state a violation of 21 U.S.C. § 848. In Flaharty, the Second Circuit held that an indictment that closely tracked the language of § 848, alleged that the continuing series of felonies were violations of § 841(a)(1) and § 846, and identified the time and location of the alleged enterprise, was sufficient to state a violation of the continuing criminal enterprise statute. Flaharty, 295 F.3d at 198. As in Flarharty, Count Two of the Redacted Indictment closely tracks the language of § 848, charges Pike with engaging in a series of violations of § 841(a)(1) and § 846, alleges that Pike acted in concert with five or more persons with respect to whom he occupied the position of organizer, supervisor and manager, and charges that he obtained substantial income and resources

from that activity. Count Two also states the approximate time frame and location of the alleged criminal conduct. Count Two is therefore legally sufficient to state a violation of 21 U.S.C. § 848.

Pike correctly notes that, pursuant to Richardson v. United States, 526 U.S. 813 (1999), the jury must unanimously agree as to which of the three or more violations of Title 21 comprised the "continuing series." However, the Second Circuit has held that "an indictment that does not identify which of the many alleged felonies constituted the series is not thereby defective." Flaharty, 295 F.3d at 197. It is sufficient that the indictment alleges that the continuing series of felonies were violations of § 841(a)(1) and § 846. Id. at 198.

Pike argues that Count One of the indictment must be dismissed because it is a lesser included offense of Count Two. Although Count One is a lesser included offense of Count Two, that does not mean that the defendant cannot be tried on both counts. See Arnold v. Wyrick, 646 F.2d 1225 (8th Cir. 1981); see also Fed. R. Civ. P. 31(c) (providing that a defendant may be found guilty of an offense that is necessarily included in the offense charged). The Double Jeopardy Clause of the Constitution merely prohibits a court from imposing punishment under both counts. See United States v. Wilson, 420 U.S. 332, 344 (1975) ("[W]here there is no threat of either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended."). Therefore, the Court need not address this issue unless and until Pike is actually

**4**

convicted of both the lesser and greater offense. If that occurs, the Court will dismiss one of the convictions before sentencing. See Rutledge v. United States, 517 U.S. 292, 300 (1992).

Finally, Pike argues that the indictment is flawed because it fails to allege the requisite nexus with interstate commerce. Pike relies upon the Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995). In Lopez, the Supreme Court held that the Gun-Free School Zones Act, which made it a federal offense for any individual knowingly to possess a firearm at place that individual knows or has reasonable cause to believe is school zone, exceeded Congress' commerce clause authority, since possession of a gun in a local school zone was not economic activity that substantially affected interstate. Following Lopez, the Second Circuit considered and rejected arguments that the holding should be extended to invalidate 21 U.S.C. §§ 841(a)(1), 846, and § 848. In United States v. Walker, 142 F.3d 103 (2d Cir. 1998), the Second Circuit found that:

> In enacting [the Controlled Substances Act], Congress made specific findings and declarations codified at 21 U.S.C. § 801. These declarations provide a specific, reasonable finding by Congress that local narcotics activity substantially affects interstate commerce. Additionally, the Controlled Substances Act concerns an obviously economic activity, drug trafficking. Therefore, Congress was within its power under the Commerce Clause in enacting 21 U.S.C. § 841(a)(1) and § 848(e)(1)(A), and the present case is distinguishable from Lopez.

**5**

Walker, 142 F.3d at 111 (internal citations omitted).  Other courts have also held post-Lopez that drug activity affects interstate commerce.  See e.g. United States v. White, 116 F.3d 903, 926 (D.C. Cir. 1997); United States v. Orozco, 98 F.3d 105, 107 (3d Cir. 1996).  The interstate commerce connection is evident in the facts of this case, as the government alleges that the controlled substances at issue traveled from Mexico to California to New York.  Therefore, defendant Pike's motion to dismiss for lack of an interstate commerce connection is also denied.

For the reasons stated, Pike's motions to dismiss the indictment are denied in their entirety.


IT IS SO ORDERED.

                                       s/ Richard J. Arcara
                             HONORABLE RICHARD J. ARCARA
                             CHIEF JUDGE
                             UNITED STATES DISTRICT COURT

DATED: January   18   , 2006