UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                                    DECISION AND ORDER
            v.                                                   01-CR-129A

AARON PIKE,
GREGORY PATTISON,

                         Defendants.

---

## INTRODUCTION

On March 17, 2006, following an eight week jury trial, defendants Aaron Pike and Gregory Pattison were convicted of conspiracy to distribute and to possess with an intent to distribute marijuana and methamphetamine (Count 1). Defendant Pike was also found guilty of conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848 (Count 2). Currently before the Court are the defendants' motions for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Oral argument on the motions was held on May 12, 2006.

After considering the evidence adduced at trial and the submissions of the parties, and after hearing argument, the Court denies the motions for judgment of acquittal on the merits, but vacates Pike's conviction under Count 1

because it is a lesser included offense of Count 2.

## DISCUSSION

A.  *Rule 29 Standards*

The standard for judgment of acquittal under Rule 29 is well established in this Circuit. A defendant challenging the sufficiency of the evidence "faces an uphill battle and bears a very heavy burden . . .." United States v. Crowley, 318 F.3d 401, 407 (2d Cir.) (internal quotations and citations omitted), cert. denied, 540 U.S. 874 (2003).

> In considering a motion for judgment of acquittal, the court must view the evidence presented in the light most favorable to the government. All permissible inferences must be drawn in the government's favor. In addition, the court must be careful to avoid usurping the role of the jury. [U]pon a motion for judgment of acquittal, the [c]ourt must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Rule 29(c) does not provide the trial court with an opportunity to substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury. In fact, if the court concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter.

United States v. Guadagna, 183 F.3d 122, 129 (2d Cir. 1999) (internal quotations and citations omitted).

**B.**     *<u>Count 1 – Conspiracy to Possess and Distribute Narcotics</u>*

Both defendants move for a judgment of acquittal of their convictions under Count 1 of the indictment, conspiracy to distribute marijuana and methamphetamine. There can be no doubt that the evidence was sufficient to establish the existence of a conspiracy to distribute marijuana and methamphetamine. Indeed, defendant Pike admitted that he had conspired to distribute marijuana and methamphetamine with several other persons, including Richard Alicea, Jr., Jason Pike and Daniel Diaz. He also admitted that he actually distributed those drugs on many occasions.

Defendant Pattison argues that there was insufficient evidence to show that he was a member of the conspiracy. Additionally, both defendants argue that the evidence was insufficient to support the jury's determination as to the quantity of drugs attributable to each defendant.

As to defendant Pattison's membership in the conspiracy, the evidence presented, when viewed in the light most favorable to the government, showed that Pattison conspired with defendant Pike and others to distribute marijuana. The government presented evidence indicating that Pattison had received several one pound and ten pound shipments of marijuana. The government also presented evidence suggesting that Pattison agreed to kill Richard Alicea, Jr., to further his role in the drug conspiracy. Specifically, the government presented testimony suggesting that Pike had promised Pattison

3

that, in exchange for Alicea, Jr.'s murder, Pattison would replace Alicea, Jr., as Pike's drug partner.

As to the quantity of drugs, the Court finds that the evidence presented by the government was sufficient to establish that:  (1) defendant Pike conspired to distribute more than 100 but less than 1,000 kilograms of marijuana and 500 grams of methamphetamine; (2) defendant Pike conspired to distribute 500 grams or more of methamphetamine; and (3) defendant Pattison conspired to distribute more than 50 but less than 100 kilograms of marijuana.

The Court instructed the jury that a defendant should be held accountable not only for the quantity of drugs that he personally conspired to possess or distribute, but also any reasonably foreseeable quantity of drugs possessed or distributed by other members of the conspiracy in furtherance of the conspiracy.  Defendant Pike admitted that he distributed or conspired to distribute more than 100 but less than 1,000 kilograms of marijuana.  There was sufficient evidence presented to show that Pattison either conspired to distribute at least 50 kilograms of marijuana, or that he conspired to distribute a smaller amount but he was aware that Pike and others had conspired to distribute at least 50 kilograms of marijuana in furtherance of the conspiracy.

As to the methamphetamine, defendant Pike acknowledges that two government witnesses, Daniel Diaz and Jason Pike, testified that the amount of methamphetamine distributed exceeded 500 grams.  Nevertheless, Pike argues

4

that this evidence was insufficient because their testimony was inconsistent with the testimony of other government witnesses.

Viewing their testimony and all of the evidence in a light most favorable to the government, the Court finds that a reasonable jury could have concluded that defendant Pike had conspired to distribute more than 500 grams of methamphetamine. Accordingly, the motions for judgment of acquittal are denied.

However, defendant Pike correctly points out that Count 1, conspiracy to distribute marijuana and methamphetamine, is a lesser included offense of Count 2, a continuing criminal enterprise. Therefore, Pike's conviction under Count 1 must be vacated. See United States v. Rutledge, 517 U.S. 292 (1996); United States v. Polanco, 145 F.3d 536 (2d Cir. 1998).

**C.**     ***Count 2 – Continuing Criminal Enterprise***

As to Pike's conviction for engaging in a continuing criminal enterprise (Count 2), Pike argues that there was insufficient evidence for the jury to find that he supervised, organized or managed five or more people as part of the criminal enterprise. The Court had instructed the jury to list the specific individuals whom defendant Pike had supervised, organized or managed if they found that element to have been satisfied beyond a reasonable doubt. The jury actually listed ten such persons. With the exception of Diane Retamoza and

5

Daniel Diaz (whom the Court agrees were not supervised, organized or managed by defendant Pike), there was sufficient evidence from which the jury could find that Pike exercised managerial or supervisory authority over the remaining eight individuals.

Pike argues that the evidence was insufficient because many of these individuals testified on cross-examination that they were not "organized" "supervised" or "managed" by defendant Pike. Notwithstanding this testimony, the jury was not bound by Pike's characterization of his activities as simply asking for "favors" and the jury was entitled to infer from all of the evidence presented that Pike exercised supervisory, organizational or managerial authority over each of them. Accordingly, defendant Pike's motion for acquittal of Count 2 is denied.

## CONCLUSION

For the reasons stated, the Court denies the motions for judgment of acquittal by defendants Pike and Pattison, but vacates Pike's conviction under Count 1 because it is a lesser included offense of Count 2.

IT IS SO ORDERED.

                    /s/ *Richard J. Arcara*
                    HONORABLE RICHARD J. ARCARA
                    CHIEF JUDGE
                    UNITED STATES DISTRICT COURT

DATED: June 28, 2006