UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                                                    DECISION AND ORDER
v.                                                01-CR-129A

AARON B. PIKE,

                    Defendant.

---

## **INTRODUCTION**

On July 17, 2001, a multi-count indictment was filed against defendant Aaron Pike and several others alleging violations of the drug trafficking laws. The indictment alleged that Pike and others were engaged in a large-scale marijuana distribution conspiracy, in violation of 21 U.S.C. § 846. The indictment also charged Pike and others with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848.

Extensive pretrial proceedings followed and the indictment was superseded on two occasions. During the pretrial proceedings, Pike invoked his right to proceed *pro se.* On December 19, 2005, shortly before trial was scheduled to commence,[1] Pike filed a *pro se* motion to dismiss the case alleging a violation of the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174. The Court ordered the government

---

[1] At that point, trial was scheduled to commence on January 3, 2006.

1

to respond to the motion and deferred ruling upon the motion until after trial. In the meantime, trial commenced on January 17, 2006 and concluded on March 15, 2006 with the jury finding Pike guilty of engaging in a continuing criminal enterprise and a marijuana drug conspiracy.

For the reasons stated herein, the Court finds that, although there were extensive pretrial delays in this case, the vast majority of time was properly excluded under the Speedy Trial Act and the non-excludable delays did not exceed seventy days. Therefore, Pike's motion to dismiss is denied.

## DISCUSSION

### I.    The Speedy Trial Act

The Speedy Trial Act provides, in pertinent part, that trial on a criminal charge "shall commence within seventy days from the filing (and making public) of the information or indictment" or from the date of the defendant's initial appearance before the court. See 18 U.S.C. § 3161(c)(1). The Act also recognizes that "criminal cases vary widely and that there are valid reasons for greater delay in particular cases." Zedner v. United States, 126 S. Ct. 1976, 1978 (2006). Accordingly, Congress has enumerated several "periods of delay" that are excluded from the speedy trial clock. See 18 U.S.C. § 3161(h). For example, the statute excludes: (1) the time period from the filing of a motion through the conclusion of a hearing on or other prompt disposition of the motion, see 18 U.S.C. § 3161(h)(1)(F); and (2) delay, not to exceed thirty days, reasonably attributable to any period during which a proceeding concerning a defendant is actually under advisement by the Court, see id. § 3161(h)(1)(J).

In addition, the Act's most flexible period of exclusion stops the speedy trial clock for "[a]ny period of delay resulting from a continuance granted by any judge" where the judge finds that "the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." See id. § 3161(h)(8)(A). Any such finding "must be made, if only in the judge's mind, before granting the continuance," and "must be put on the record by the time a district court rules on a defendant's motion to dismiss" pursuant to the Speedy Trial Act. Zedner, 126 S. Ct. at 1989. Among the non-exclusive list of factors that a district court must consider in deciding whether to grant an ends-of-justice continuance are the complexity of the case due to the number of defendants, the nature of the prosecution or the existence of novel issues, a defendant's need for reasonable time to obtain counsel, continuity of counsel, and effective preparation of counsel. See 18 U.S.C. § 3161(h)(8)(B). Further, an exclusion of time in the interests of justice may be granted "by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." See id. § 3161(h)(8)(A). Thus, the Speedy Trial Act does not require the consent of the defendant or his counsel. United States v. Asubonteng, 895 F.2d 424, 427 (7th Cir.), cert. denied, 494 U.S. 1089 (1990). Nor may a defendant waive application of the Act. Zedner, 126 S. Ct. at 1984.

A defendant seeking to dismiss his indictment on the basis that he was not brought to trial within the time limit required by the Speedy Trial Act may move for dismissal pursuant to § 3162(a)(2). That motion must be made before trial or entry of a plea of guilty. See 18 U.S.C. § 3162(a)(2). "The defendant shall have the burden of proof supporting such motion but the Government shall have the burden of going

3

forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3)." Id.

## II. Pike's Motion

As noted, Pike filed his motion to dismiss alleging a speedy trial violation on December 22, 2005. He argues that more than seventy days have elapsed between the filing of the indictment against him on July 17, 2001, and the trial that commenced on January 17, 2006. Pike appears to recognize that much of the time was properly excluded from the Speedy Trial Act. However, he argues that certain periods of time were not properly excluded, and that those improper exclusions exceeded seventy days. Because Pike does not challenge all of the exclusions, the Court will address only those exclusions with which Pike takes issue.

### A. Period from March 8, 2002 to December 5, 2002

Pike filed a pretrial motion on March 8, 2002. See Dkt. No. 131. To the extent that any time under the Speedy Trial Act had elapsed prior to that date (Pike does not allege that any had), the filing of that motion automatically stopped the running of the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(1)(F). See 18 U.S.C. § 3161(h)(1)(F) (automatically excluding any delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion); see also Henderson v. United States 476 U.S. 321, 326 (1986). Thereafter, several of Pike's codefendants also filed pretrial motions. See,

e.g., Dkt. No. 133 (motion by Gregory Pattison); Dkt. No. 137 (motion by Richard C. Alicea); Dkt. No. 141 (motion by John Pacheco, Jr.); Dkt. No. 145 (motion by Jose Melendez); Dkt. No. 146 (motion by Rafael Montanez, Jr.); Dkt. No. 148 (motion by Matthew Harrison); Dkt. No. 140 (motion by Jason Pike); Dkt. No. 154 (motion by Christopher Lobe); Dkt. No. 155 (motion by Oswaldo Rodriguez).

On May 20, 2002, Magistrate Judge Schroeder, to whom the case had been referred, held a hearing on the various motions of Pike and his codefendants and took the matter under advisement. The thirty-day period following that hearing (May 20, 2002 to June 20, 2002) was excluded pursuant to 18 U.S.C. § 3161(h)(1)(J). See 18 U.S.C. § 3161(h)(1)(J) (excluding from the speedy trial clock "delay reasonably attributed to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.").

Ordinarily, the speedy trial clock would have resumed on June 20, 2002, when the thirty-day advisement period expired. However, on June 4, 2002, the government moved to revoke codefendant Christopher Lobe's pretrial release. See Dkt. No. 172. The filing of that motion stopped the speedy trial clock as to all of the defendants, including Pike, because pursuant to § 3161(h)(7) of the Act, cases involving multiple defendants are governed by a single speedy trial clock, and any excludable delay attributable to any one defendant is charged against the single clock, thus making the excludable delay applicable to all defendants. See United States v. Pena, 793 F.2d 486, 489 (2d Cir. 1986).

5

The motion to revoke defendant Lobe's bail remained pending until July 1, 2002, when the motion was denied. See Dkt. No. 188. The speedy trial clock would have resumed on that date, July 1, 2002. However, on that same date, Magistrate Judge Schroeder filed an order excluding time from July 1, 2002 to August 30, 2002, pursuant to § 3161(h)(8)(A), upon finding that the case was complex, given the number of defendants, the nature of the case, and the issues raised in the various motions, and that the ends of justice served by granting a continuance outweighed the best interests of the defendants and the public in a speedy trial. See Dkt. No. 186. None of the defendants objected to that continuance. Thereafter, Magistrate Judge Schroeder filed four additional ends-of-justice continuances pursuant to § 3161(h)(8), excluding time from August 30, 2002 to December 31, 2002.[2] See Dkt. Nos. 198, 201, 205 and 211. As a reason for each continuance, the Magistrate Judge cited the complexity of the case, given the number of defendants and the issues raised in their motions, and found that the ends of justice served by granting a continuance outweighed the best interest of the public and the defendants in a speedy trial. Id. None of the defendants objected to any of the continuances.

On December 5, 2002, Magistrate Judge Schroeder issued a decision and order granting in part and denying in part Pike's pretrial discovery motion. See Dkt. No. 220. On that same date, he filed pretrial rulings and recommendations addressing

---

[2] In the meantime, on November 19, 2002, codefendant Gregory Pattison filed a motion for the appointment of capital defense counsel. See Dkt. No. 209. That motion remained outstanding until December 11, 2002, when it was denied without prejudice. The filing of that motion provided an additional basis for excluding the time from November 19th to December 11th of 2002. See 18 U.S.C. § 3161(h)(1)(F).

each of the issues rased in the pretrial motions filed by Pike's codefendants.³  See Dkt. Nos. 213-224.

Pike now seeks to challenge those multiple exclusions of time made between June 20, 2002 (when the thirty-day period pursuant to § 3161(h)(1)(J) expired) and December 5, 2002 (when the reports and recommendations and pretrial rulings were issued) as improper.  The Court finds this argument to be without merit.  There was nothing improper about Magistrate Judge Schroeder's exclusion of time under § 3161(h)(8)(A).  If a court cannot decide a pending motion within the thirty days that Section 3161(h)(1)(J) provides, "it is always open to him to find that the interest of justice is best served by granting a continuance under § 3161(h)(8) for the excess period."  United States v. Bufalino, 683 F.2d 639, 645 (2d Cir. 1982).  Indeed, Congress explicitly recognized the authority of a judge to grant an ends-of-justice continuance to increase the "under advisement" period set forth in subsection (J).  See H.R. Rep. No. 1508, 93d Cong., 2d Sess. 33, reprinted in 1974 U.S. Code Cong. & Admin. News 7401, 7426 (explaining that the "under advisement" provisions of subsection (J) "in no way affects the prerogative of the court to continue cases upon its own motion, where due to the complexity or unusual nature of the case, additional time is needed to consider matters before the Court . . . ."); see also, United States v. Mentz, 840 F.2d 315, 326, at n.22 (6th Cir. 1988); United States v. Gallardo, 773 F.2d 1496, 1503 (9th Cir. 1985).  Courts have also upheld the authority of a judge to grant several consecutive

---

³  Even though Magistate Judge Schroeder had excluded time until December 31, 2002, pursuant to § 3161(h)(8), that exclusion terminated when he issued his report and recommendation on December 5, 2002.

ends-of-justice continuances as long as the circumstances so warrant. See, e.g., Gallardo, 773 F.2d at 1505 (finding no abuse of discretion where court granted three consecutive ends-of-justice continuances). Although a court has flexibility in excluding time under § 3161(h)(8), it must give sufficient reasons for the exclusion in order to prevent abuse. See Zedner, 126 S. Ct. at 1989; United States v. Tunnessen, 763 F.2d 74, 76 (2d Cir. 1985).

Pike challenges the Magistrate Judge's justification for granting the continuances and asserts that matters before him were not complex. Notably, however, neither Pike nor any of his codefendants raised any objection to Magistrate Judge Schroeder's determination of complexity at the time that the determination was initially made. Pike waited three years, until the eve of trial, before raising any objection to the Magistrate Judge's determination of complexity. The Court finds Pike's eleventh-hour challenge to that determination highly suspect in light of his failure to raise it earlier. Nevertheless, a review of the record supports the Magistrate Judge's determination that the matters before him were complex.

The indictment alleged a large-scale marijuana conspiracy involving Pike and eleven others.[4] Pike and several others were also alleged to have engaged in a continuing criminal enterprise. As part of the drug conspiracy, the government alleged that Pike and others conspired to kill – and did kill – two individuals, one of whom had been Pike's drug partner. This was a death-penalty-eligible case and at the time that

---

[4] Several other defendants were later added pursuant to superseding indictments.

the motions were pending before the Magistrate Judge, the government had not yet determined whether to seek the death penalty.

In addition to the complexity of the case itself (given the nature of the case and the number of defendants), the matters before the Magistrate Judge were complex. As noted above, the Magistrate Judge had at least nine pretrial motions (including Pike's) under consideration at that time. The Magistrate Judge determined it appropriate to issue all of his rulings on the same date. On that date, December 5, 2002, he issued eight separate reports and recommendations and three decision and orders. Given the plethora of issues that needed to be addressed in each of the pending motions, it was not an abuse of his discretion to find that the ends of justice would be served by granting a continuance so that he could give sufficient attention and consideration to each of the issues raised in each of the motions. In sum, the Court finds no error in the Magistrate Judge's exclusion of time pursuant to § 3161(h)(8) upon finding that the matters before him were complex.

Based upon the foregoing, the Court finds that no time elapsed from the speedy trial clock from March 8, 2002 to December 5, 2002.

B.   **December 5, 2002 to April 21, 2003**

After the reports and recommendations were filed on December 5th, the defendants had ten days within which to file objections. In United States v. Oberoi, 295 F. Supp. 2d 286 (W.D.N.Y. 2003), this Court explained that the ten-day period following the issuance of the report and recommendation is also automatically excluded pursuant

9

to § 3161(h)(1)(F).  This is because the filing of the report and recommendation by a magistrate judge, in essence, "'serves to re-file the motions, together with the magistrate's study of them, with the district court.'" Id. at 301 (quoting United States v. Long, 900 F.2d 1270, 1275 (8th Cir. 1990)).  Accordingly, under § 3161(h)(1)(F), the filing of objections tolls the speedy trial clock until the district court holds a hearing or has all the submissions it needs to rule on the underlying motions.  Id.; see also, United States v. Jenkins, 92 F.3d 430, 439 (6th Cir. 1996), cert. denied, 520 U.S. 1170 (1997); Long, 900 F.2d at 1275.

On December 23, 2002, defendant Jose Melendez, one of Pike's co-defendants, filed timely objections to Magistrate Judge Schroeder's report and recommendation.[5]  See Dkt. No. 228.  The government filed a response to Melendez's objections on February 21, 2003, see Dkt. No. 242, and the Court held a hearing on March 21, 2003.  The time period from the filing of Magistrate Judge Schroeder's report and recommendation (December 5, 2002) until the date upon which the objections were heard (March 21, 2003) was excluded pursuant to § 3161(h)(1)(F).  The thirty-day period following the hearing on the objections was excluded pursuant to § 3161(h)(1)(J).  Accordingly, no time elapsed from the speedy trial clock from December 5, 2002 to April 21, 2003.

---

[5] The ten-day period ran from December 5 until December 24, 2002, because intervening Saturdays and Sundays are excluded and three additional days are added for service.  See Fed. R. Crim. P. 45(a)(2) and (c).

C.     **Period from April 21, 2003 to June 23, 2003**

As noted, this Court issued an order denying defendant Melendez's motion to dismiss the indictment on April 21, 2003. In that order, the Court directed that the parties appear before the Court on May 5, 2003, for a meeting to set a trial date. The Court cannot ascertain any basis for excluding time from April 21, 2003 until May 5, 2003, and the government has not cited to any specific exclusion. Accordingly, for the purposes of this Decision and Order, the Court assumes that fourteen days elapsed from the speedy trial clock from April 21st to May 5th.

The parties appeared before the Court on May 5, 2003. They advised the Court that a Second Superseding Indictment had been issued, that the defendants had not yet been arraigned on the Second Superseding Indictment and that counsel for some of the defendants had not been available for arraignment on the Second Superseding Indictment. The Court found that time from May 5, 2003 to June 23, 2003 should be excluded pursuant to § 3161(h)(8)(A), based upon the need to arraign the defendants on the Second Superseding Indictment and the unavailability of their counsel, and found that the ends of justice served by having the defendants promptly arraigned and by ensuring continuity of counsel for those proceedings, outweighed the bests interests of the defendants and the public in a speedy trial. That finding was memorialized in an order filed on May 20, 2003.[6]  See Dkt. No. 267.

---

[6] In that order, the Court noted that as of that date, ten days had run on the speedy trial clock and sixty days remained. Id. The defendants did not object to the Court's May 20, 2003 order, although that finding appears erroneous in light of this Court's above determination that fourteen days (not ten) had elapsed from the speedy trial clock as of May 5, 2003.

Accordingly, from April 21, 2003 to June 23, 2003, fourteen days elapsed from the speedy trial clock.

### D.   June 23, 2003 to July 28, 2003

In the meantime, Magistrate Judge Schroeder held a pretrial conference on June 4, 2003, during which counsel for several of the defendants requested an opportunity to prepare and file additional pretrial motions.  Magistrate Judge Schroeder granted that request and issued a scheduling order giving the defendants until July 28, 2003 to file additional pretrial motions. See Dkt. No. 271.  Magistrate Judge Schroeder ordered that the government respond to any such motions by August 22nd, and that a hearing on the motions would be held on September 8, 2003.  He then ordered that the time period from June 4, 2003 until the hearing on September 8, 2003, be excluded pursuant to § 3161(h)(1)(F).[7]

Therefore, no time elapsed from the speedy trial clock from June 23, 2003 to July 28, 2003.

### E.   July 28, 2003 to April 30, 2004

Pike filed a motion for a bill of particulars on July 10, 2003.  See Dkt. No. 279.  Thereafter, on July 28, 2003, several of his co-defendants filed pretrial motions in

---

[7] The Court notes that Magistrate Judge Schroeder erroneously relied upon § 3161(h)(1)(F) to exclude the time spent preparing pretrial motions.  For the reasons stated by this Court in Oberoi, 295 F. Supp. 2d at 294-95, pretrial preparation time is excluded pursuant to subsection (h)(1) of § 3161, not subsection (h)(1)(F).  However, because the time is automatically excluded under either provision, this error is of no consequence.

accordance with Magistrate Judge Schroeder's June 2003 scheduling order.  See, e.g., Dkt. No. 286 (omnibus motion filed July 28, 2003 by defendant Diaz); Dkt. No. 287 (motion for severance filed on July 28, 2003 by defendant Melendez).  Additional pretrial motions were also filed by defendants Pike, Pattison and Diaz for the appointment of capital defense counsel.  See  Dkt. Nos. 289, 291, 299.  The government filed responses to the pretrial motions and on September 8, 2003, Magistrate Judge Schroeder heard oral argument.  See Dkt. No. 305.  On April 30, 2004, he issued rulings disposing of those outstanding motions.  See Dkt. Nos. 371, 273, 373.

As stated, the speedy trial clock was tolled until July 28, 2003, pursuant to Magistrate Judge Schroeder's scheduling order, so as to afford the defendants an opportunity to prepare and file pretrial motions.  Those motions were timely filed on July 28th, further tolling the speedy trial clock until those motions were heard on September 8, 2003.  See 18 U.S.C. § 3161(h)(1)(F); Henderson, 476 U.S. at 326.

Following the hearing on September 8, 2003, Magistrate Judge Schroeder had thirty days within which to issue his rulings.  That thirty-day time period from September 8, 2003 to October 8, 2003 was automatically excluded pursuant to 18 U.S.C. § 3161(h)(1)(J).  Accordingly, the Court finds that no time elapsed from the speedy trial clock from July 28, 2003 to October 8, 2003.

Ordinarily, the speedy trial clock would have resumed on October 8, 2003, when the thirty-day period expired.  However, on October 7, 2003, Magistrate Judge Schroeder issued an order excluding the time period from October 8, 2003 to

November 30, 2003, pursuant to § 3161(h)(8), upon finding that the case was complex given the number of defendants and the issues raised in the motions, and that the ends of justice would be served by granting a continuance and outweighed the best interests of the defendants and the public in a speedy trial.  See Dkt. No. 314.  None of the defendants objected to that continuance.  Thereafter, Magistrate Judge Schroeder filed six additional ends-of-justice continuances pursuant to § 3161(h)(8), excluding time from November 30, 2003 to April 30, 2004.  See Dkt. Nos. 335, 338, 346, 358, 361 and 364.  As a reason for each continuance, the Magistrate Judge cited the complexity of the case, given the number of defendants and the issues raised in their motions, and found that the ends of justice served by granting a continuance outweighed the best interest of the public and the defendants in a speedy trial.  Id.

Although Pike did not initially object to any of those continuances, he now argues that they were improper because his motion was a "simple" request for a bill of particulars and there was no basis for the Magistrate Judge's determination that it was complex.  Again, the Court finds Pike's belated challenge to the Magistrate Judge's determination of complexity to be highly suspect in light of his failure to raise it earlier.

Moreover, even assuming Pike's motion was fairly straightforward, he overlooks the fact that there were several other motions pending before the Magistrate Judge at that time, some of which raised complex issues.  He also overlooks the complexity of the case itself, discussed above.  Among the various issues then-pending before Magistrate Judge Schroeder was whether it was appropriate to appoint capital

defense counsel to represent defendants Pike, Pattison and Diaz who were potentially eligible for the death penalty.

Given the complexity of the case, the number of defendants and the complexity of the issues before Magistrate Judge Schroeder, it was within Magistrate Judge Schroeder's discretion to grant the ends-of-justice continuances so as to afford him the opportunity to give due consideration to each of the issues raised by each of the defendants. The Court finds no abuse of discretion.

Accordingly, no time elapsed from the speedy trial clock from July 28, 2003 to April 30, 2004.

### F.     April 30, 2004 to January 28, 2005

After Magistrate Judge Schroeder issued his rulings on April 30, 2004, the defendants had ten days within which to file their objections. For the reasons stated above, the speedy trial clock is tolled for that ten-day period. See Oberoi, 295 F. Supp. 2d at 301; see also Long, 900 F. 2d at 1275. On May 10, 2004, prior to the expiration of that ten-day period, Pike's counsel moved for an extension of time within which to file his objections to Magistrate Judge Schroeder's rulings. See Dkt. No. 377. In an order dated May 12, 2004, this Court granted Pike an extension to June 2, 2004 to file his objections. See Dkt. No. 381. In that same order, this Court noted that the delay from April 30, 2004 to June 2, 2004 was excluded from the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(1)(F) and pursuant to § 3161(h)(8)(A) because the ends of justice served by granting Pike's requested continuance outweighed the best interests of the

defendant and the public in a speedy trial. The Court noted that the delay sought by Pike was limited in nature, and that the requested adjournment would provide him an adequate opportunity to research the basis of his objections and provide authority to support his position. Id.  Pike filed his objections on June 2, 2004. See Dkt. No. 390. The government filed its response to those objections on November 5, 2004, see Dkt. No. 427, and this Court held a hearing on the objections on November 22, 2004. See Dkt. No. 435.

      Pike does not appear to challenge the Court's exclusion of time from the speedy trial clock from April 30, 2004 to June 2, 2004. Instead, he argues that, once filed, his objections should have been addressed more promptly. As stated above, the filing of a report and recommendation in essence serves to re-file the underlying motions with the district court, together with the magistrate judge's study of them. Likewise, the filing of timely objections to a pretrial ruling by the magistrate judge serves to re-file the motions with the district court. Such filing tolls the speedy trial clock until this Court holds a hearing or has all the submissions it needs to rule on the motions. See 18 U.S.C. § 3161(h)(2)(F).  Contrary to Pike's assertion, there is no requirement that a hearing be held within a specified time after the motion is filed.  In Henderson, the Supreme Court made clear that the plain language of the statute "exclude[s] all time between the filing of and the hearing on a motion whether that hearing was prompt or not." Henderson, 476 U.S. at 326.  After the hearing is held and the court has all of the submissions it needs to rule upon a motion, § 3161(h)(1)(J) requires that the motion be decided within thirty days.

In this case, the hearing on Pike's motion was held November 22, 2004. The Court issued its ruling on December 17, 2004, see Dkt. No. 437, well within the thirty-day "under advisement" period set forth in subsection (J). Accordingly, the time from April 30, 2004 to November 22, 2004 was excluded under § 3161(h)(1)(F), and the time from November 22, 2004 to December 17, 2004 was excluded under § 3161(h)(1)(J).

The Court notes that, in addition to Pike's pending objections, numerous other motions had been filed during that period by Pike's codefendants – each of which provided a further basis for excluding time under the Act. For example, codefendant Jose Melendez had also filed objections to one of Magistrate Judge Schroeder's April 30, 2004 rulings. See Dkt. No. 383. Those objections were filed on May 14, 2004, and remained pending until January 28, 2005.[8] The filing of those motions provided an additional basis for excluding time because, as noted, a single speedy trial clock governs cases involving multiple defendants. See 18 U.S.C. § 3161(h)(7). Additionally, codefendant Matthew Harrison filed a motion seeking review of his bail revocation on May 18, 2004, see Dkt. No. 386, which remained pending until August 10, 2004, when it was denied. See Dkt. No. 408. Harrison then filed an interlocutory appeal from that order on August 26, 2004, see Dkt. No. 411, which remained pending until the Second Circuit issued its mandate dismissing the appeal on March 7, 2005. See Dkt. No. 472.

---

[8] A hearing on defendant Melendez's objections was scheduled to occur on January 28, 2005. However, counsel for Melendez appeared in court on that date and withdrew the objections. Nevertheless, the motion remained pending until the objections were withdrawn. Therefore, defendant Melendez's motion tolled the speedy trial clock from April 30, 2004 until January 28, 2005.

17

Pursuant § 3161(h)(1)(E), the entire period of time during which that interlocutory appeal was pending (from August 26, 2004 to March 7, 2005) is excluded from the speedy trial clock.[9]

Accordingly, for the reasons stated, the Court finds that no time elapsed from the speedy trial clock from April 30, 2004 to January 28, 2005.

### G. January 21, 2005 to July 18, 2005

Although not raised in his underlying speedy trial motion, see Dkt. No. 526, in his reply to the government's response, see Dkt. No. 654, Pike argues for the first time that this Court's January 21, 2005 order excluding time from that date until July 18, 2005, was improper. At a status conference held on January 21, 2005, this Court ruled that time should be excluded from the speedy trial clock during that period pursuant to § 3161(h)(1)(D) (delay resulting from other pending charges against a defendant) and § 3161(h)(8)(A) (ends-of-justice exclusion). The basis for that ruling is set forth in detail in this Courts' July 18, 2005 order.[10] See Dkt. No. 485. As Pike has

---

[9] As this Court has previously stated in an earlier order, see Dkt. No. 485, the fact that Harrison's appeal was from a detention order is of no consequence for the purposes of the Speedy Trial Act. See United States v. Davenport, 935 F.2d 1223, 1230-31 (11th Cir. 1991).

[10] In sum, state murder trials were then pending against defendants Pike, Pattison and Diaz. The state trials were scheduled to commence on January 25, 2005 (for defendant Pattison), March 2005 (for defendant Diaz) and June 2005 (for defendant Pike). Counsel for each of the defendants stated that they needed time to prepare for those respective state trials and would be unavailable to try the federal charges pending in this case during that period. The Court found it appropriate to exclude time from January 21, 2005 to July 18, 2005, pursuant to 18 U.S.C. § 3161(h)(1)(D) and § 3161(h)(8)(A). It is noted that defendants Pike and Pattison were subsequently convicted of those murder charges and defendant Diaz pleaded guilty to manslaughter.

failed to articulate why that exclusion was improper, the Court finds it unnecessary to revisit that issue at this juncture.

## CONCLUSION

For the reasons stated herein, the Court finds that Pike has failed to demonstrate that a violation of the Speedy Trial Act occurred in this case. Accordingly, his motion to dismiss is denied. Pike shall appear for sentencing on January 8, 2007 at 1:00 p.m.

IT IS SO ORDERED.

        /s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: December 6, 2006