UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AARON B. PIKE, 19875-056,

       Petitioner,

  v.

UNITED STATES OF AMERICA,

       Respondent.

**DECISION AND ORDER**
09-CV-342A
01-CR-129A

---

I.   **INTRODUCTION**

  Pending before the Court is a motion by petitioner Aaron B. Pike to vacate his sentence pursuant to 28 U.S.C. § 2255. As petitioner himself has written, he seeks Section 2255 relief on the basis that his "sentence was harsh and excessive, and could have met the requirements of 18 U.S.C. § 3553(a), with a sentence of less than life imprisonment." (Dkt. No. 830 at 3.) As part of his argument, petitioner compares his sentence to the sentences that co-defendants in this case received. In opposition to the motion, respondent notes that the Court reasonably accounted for the Section 3553(a) factors. Respondent notes further that petitioner's co-defendants received different sentences for different reasons, including cooperation with the government and statutory limits on maximum sentences. For the reasons below, the Court will deny the motion.

## II. BACKGROUND

This case concerned allegations of a criminal enterprise that included a large-scale drug distribution operation. In a second superseding indictment filed on May 2, 2003, respondent charged petitioner with one count of possession with intent to distribute and distribution of 1,000 kilograms or more of marijuana and 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and one count of intentionally and unlawfully engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a). The Court presided over a trial in March 2006. On March 17, 2006, a jury found petitioner guilty on both counts, though the Court subsequently vacated the verdict as to Count One because Count One was a lesser included offense in Count Two. On January 24, 2007, the Court sentenced petitioner to a term of life imprisonment. Petitioner subsequently challenged the sufficiency of the evidence supporting his conviction in a direct appeal to the United States Court of Appeals for the Second Circuit. In an unpublished decision dated September 5, 2008, the Second Circuit upheld petitioner's conviction. *See U.S. v. Pike*, 292 Fed. App'x 108, 2008 WL 4163242 (2d Cir. 2008).

The pending motion followed petitioner's direct appeal. Petitioner filed the motion on April 9, 2009. Petitioner advances one argument in his motion: namely, "that the sentence imposed was harsh and excessive." (Dkt. No. 830 at 5.) In support of his argument, petitioner asserts that a sentence of 35 years

would be adequate but not greater than necessary to meet the goals and requirements of Section 3553(a) and to avoid unwarranted sentencing disparities among defendants under 18 U.S.C. § 3553(a)(6). Petitioner asserts further that "there may be constitutional significance to the disparity between the sentence imposed on [him] and other defendants." (*Id.* at 5.) As part of his argument about disparity, petitioner notes that one co-defendant received a prison term of 35 years, while two other co-defendants received prison terms of 30 and 12 years and yet others received sentences ranging from 46 months to time served. Finally, petitioner suggests that his sentence was unduly harsh in part because the government did not offer him a plea deal and a chance to show acceptance of responsibility. In opposition to the pending motion, respondent asserts that the Court did assess the Section 3553(a) factors and did so properly. Respondent asserts further that the other defendants in this case received different sentences for justifiable reasons, including different levels of involvement in the criminal enterprise and different levels of cooperation with the government.

## III. DISCUSSION

### A. Pro Se *Pleadings and Section 2255 Generally*

"As an initial matter, the Court is mindful that Plaintiff[] [is] proceeding *pro se*, and that [his] submissions should thus be held to less stringent standards than formal pleadings drafted by lawyers. Moreover, when plaintiffs bring a case

3

*pro se*, the Court must construe their pleadings liberally and should interpret them to raise the strongest arguments that they suggest. Still, *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Rotblut v. Ben Hur Moving & Storage, Inc.*, 585 F. Supp. 2d 557, 559 (S.D.N.Y. 2008) (internal quotation marks and citations omitted). The Court will assess the pending motion under this liberal standard.

To prevail on his motion, petitioner must demonstrate that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "But unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited . . . . [A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *U.S. v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citations omitted). The Court will review petitioner's motion in this general context.

B. *Severity of Petitioner's Sentence*

As noted above, the core of petitioner's motion is an argument about disparity—specifically, an argument that "there may be constitutional significance to the disparity between the sentence imposed on [him] and

4

other defendants." "Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity. That uniformity does not consist simply of similar sentences for those convicted of violations of the same statute . . . . It consists, more importantly, of similar relationships between sentences and real conduct, relationships that Congress' sentencing statutes helped to advance . . . ." *U.S. v. Booker*, 543 U.S. 220, 253–54 (2005) (citations omitted). The history of this case indicates that defendant played a significant role in the underlying criminal enterprise. Respondent relied on the history of petitioner's real conduct when choosing not to offer petitioner a plea deal. The jury validated respondent's view of petitioner's role in the enterprise, a view that made comparison to any other defendant inappropriate if not impossible. Having assessed all of the factors under Section 3553(a), the Court decided that imposing the advisory life sentence would best account for petitioner's particular role in the enterprise. Under these circumstances, this Court has no reason to revisit petitioner's sentence just because co-defendants with different relationships to the enterprise happened to receive different sentences. Although coming in the pre-*Booker* era, the Second Circuit rejected the idea of comparing co-defendants without context when it wrote that "[a]n applicable guideline range may seem harsh (or lenient) when compared to that of a co-defendant, but it is the same range applicable throughout the country for all offenders with the same

combination of offense conduct and prior record. To reduce the sentence by a departure because the judge believes that the applicable range punishes the defendant too severely compared to a co-defendant creates a new and entirely unwarranted disparity between the defendant's sentence and that of all similarly situated defendants throughout the country." *U.S. v. Joyner*, 924 F.2d 454, 460–61 (2d Cir. 1991); *see also U.S. v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) ("Absent extraordinary circumstances, a defendant has no constitutional or otherwise fundamental interest in whether a sentence reflects his or her relative culpability with respect to his or her codefendants. Indeed, we have since held it improper to take a codefendant's sentence into consideration under the Sentencing Guidelines for the purpose of granting a departure from the guideline range.") (citations omitted). The same logic applies here. The Court imposed a sentence on petitioner that reflected all of the evidence against him and all of the factors in Section 3553(a). Absent some reason to question that evidence that the Second Circuit did not reject already on direct appeal, the Court will not revisit petitioner's sentence for the sake of cosmetic uniformity of prison terms.

**IV. CONCLUSION**

For all of the foregoing reasons, the Court denies petitioner's motion. The Clerk of the Court is directed to close the associated civil case, Case No. 09-CV-342.

In addition, because the issues that petitioner raised here are not the kinds of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and thus denies leave to appeal as a poor person. *Coppedge v. U.S.*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk of the Court within thirty (30) days of the entry of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: October 19, 2010